IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02090-BNB

MICHAEL D. REA, II,

    Plaintiff,

v.

RICK RAEMISCH, Colorado Dept. of Corrections, Corporate/Individual,
RANDY LIND, (individually) d/b/a Warden Lind - AVCF,
MICHELLE RUFFINI, (individually) d/b/a Post-Office/AVCF,
STEVE LUCERO, (individually) d/b/a - "STG", Gang Coordinator,
SECURITY MAJOR "HOUSTON," (individually), AVCF, and
ATTORNEY GENERAL JOHN SUTHERS, Individual/Corporate Capacity,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Michael D. Rea, II, is a prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Rea has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution were violated while he was housed at the Arkansas Valley Correctional Facility. He seeks damages and injunctive relief.

    Mr. Rea has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if the claims Mr. Rea is asserting are frivolous or malicious. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v.*

*Williams*, 490 U.S. 319, 327-28 (1989). For the reasons stated below, the Court will dismiss the action as legally frivolous.

The Court must construe the Prisoner Complaint liberally because Mr. Rea is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Rea asserts two claims for relief stemming from his classification as a member of a security threat group. According to Mr. Rea prison officials classified him as a sovereign terrorist and a member of a security threat group "because the plaintiff had hired a notary public office to perform a commercial protest in a negotiable instrument matter (non-sovereign redemption issue) and because (their) process utilizes the U[niform] C[ommercial] C[ode]." (ECF No. 1 at 5 (capitalization altered).) Mr. Rea asserts in claim one in the Prisoner Complaint that he was classified as a member of a security threat group without due process and that the classification subjects him to cruel and unusual punishment. He specifically alleges that he was deprived of a constitutionally protected liberty interest and subjected to cruel and unusual punishment because

> (1) parole will be harder to obtain, (2) Home-Security
> notification is possible upon release from incarceration[,] (3)
> Colo. Bureau of Investigation will be notified by the Board of

2

> Parole if not addressed by the Court, the injury will become irreparable and only further damage his civil rights; place of employment, residence etc, and concerns the "Patriot Act."

(*Id.* (capitalization altered).) Mr. Rea also may be claiming he was deprived of a constitutionally protected liberty interest because he allegedly was defamed and slandered as a result of the classification. Mr. Rea contends in claim two in the Prisoner Complaint that Colorado Attorney General violated his Eighth Amendment rights by failing to respond to an inquiry Mr. Rea sent by registered mail regarding his classification.

The Court first will address the due process argument Mr. Rea raises in claim one. The United States Constitution guarantees due process when a person is to be deprived of life, liberty, or property. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). As noted above, Mr. Rea contends that he has been deprived of a constitutionally protected liberty interest.

The existence of a constitutionally protected liberty interest depends upon the nature of the interest asserted. *See Sandin v. Conner*, 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Generally, a liberty interest protected by due process may arise under the United States Constitution or state law. *See Sandin*, 515 U.S. at 483-84. However, state prisoners are not entitled to any particular degree of liberty and the Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse impact on the prisoner. *See Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Templeman*, 16 F.3d at 369. The Constitution also does not create a protected liberty interest in a prisoner's release prior

to the expiration of a valid sentence.  *See Swarthout v. Cooke*, 131 S. Ct. 859, 862 (2011) (per curiam); *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).  Therefore, the due process claim lacks merit unless Mr. Rea has been deprived of a constitutionally protected liberty interest that arises under Colorado state law.

State law may create a liberty interest if it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. at 484.  Relevant factors to be considered in determining whether certain conditions of confinement impose atypical and significant hardship in relation to the ordinary incidents of prison life include whether the conditions relate to and further a legitimate penological interest, whether the conditions are extreme, whether the conditions increase the duration of confinement, and whether the conditions are indeterminate.  *See DiMarco v. Wyo. Dep't of Corr.*, 473 F.3d 1334, 1342 (10th Cir. 2007).

Mr. Rea's vague allegations regarding hypothetical future consequences of his classification as a member of a security threat group do not demonstrate the existence of a constitutionally protected liberty interest under Colorado state law.  Notably, the fact that the parole board may consider Mr. Rea's classification in determining whether he should be released on parole is not enough to demonstrate the existence of a constitutionally protected liberty interest because Mr. Rea does not allege that his classification would make him ineligible for parole or invariably affect the parole board's decision.  *See Sandin*, 515 U.S. at 487; *Hubler v. Lander*, 413 Fed. App'x 81, 83 (10th Cir. 2011).  Mr. Rea's allegations that he was defamed and slandered as a result of his

prison classification also do not demonstrate the existence of a constitutionally protected liberty interest because damage to an individual's reputation, by itself, is not sufficient to implicate due process protections.  *See Paul v. Davis*, 424 U.S. 693, 701 (1976); *Gwinn v. Awmiller*, 354 F.3d 1211, 1216 (10th Cir. 2004).  Mr. Rea does not allege facts that demonstrate any injury other than the alleged reputational damage.

For these reasons, the Court finds that Mr. Rea fails to demonstrate he was deprived of a constitutionally protected liberty interest in connection with his classification.  As a result, the due process claim is legally frivolous and must be dismissed.

The Court next will address Mr. Rea's Eighth Amendment arguments.  "The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008).  In order to assert a cognizable claim under the Eighth Amendment, Mr. Rea must allege that Defendants were deliberately indifferent to a substantial risk of serious harm.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Stated another way, Mr. Rea must demonstrate both that the injury he suffered was sufficiently serious and that Defendants acted with deliberate indifference.  *See Tafoya*, 516 F.3d at 916.  "[E]xtreme deprivations are required to make out a conditions-of-confinement claim."  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  Thus, the Eighth Amendment is not violated unless the conditions deprive a prisoner of "'the minimal civilized measure of life's necessities.'"  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

Mr. Rea fails to allege facts in support of his Eighth Amendment arguments in claims one and two that demonstrate any Defendant acted with deliberate indifference to a substantial risk of serious harm or that he suffered a sufficiently serious injury. Therefore, the Eighth Amendment arguments lack merit and also must be dismissed.

For these reasons, the entire action will be dismissed as legally frivolous. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. See *Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  5th  day of   September  , 2014.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court